# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Jeremy Lee Watson-Buisson,<br>    Petitioner,<br><br>v.<br><br>Joe Baron,<br>    Respondent. | 1:20cv1454 (CMH/TCB) |

## MEMORANDUM OPINION

Under consideration is respondent Joe Baron's Motion to Dismiss Virginia state prisoner Jeremy Lee Watson-Buisson's petition for writ of habeas corpus, which was filed under 28 U.S.C. § 2254. [Dkt. Nos. 13-15]. In his motion, respondent asserts that the petition is untimely, procedurally defaulted, and otherwise without merit [Dkt. No. 15], arguments petitioner opposes [Dkt. No. 26]. For the reasons that follow, the Motion to Dismiss will be granted.

### I

Petitioner is in custody pursuant to a final order, entered August 2, 2018, of the Circuit Court for the City of Norfolk. See Case No. CR18-339-00. That day, petitioner appeared in the trial court and, acting pro se, entered an Alford plea to a charge of abduction, a violation of § 18.2-47 of the Virginia Code. Id. Before accepting petitioner's plea, the court placed petitioner under oath and questioned him. See id. at pp. 42-53. In response to the court's questions, petitioner indicated that he read, understood, and signed a document entitled "Advice to Defendants Pleading Guilty." See id. at p. 45. This document advised petitioner that his acceptance of the plea agreement was contingent on his waiver of a bevy of his rights and that entering into the agreement could "carry a variety of other consequences." Id. at pp. 81-84.

At the hearing, the prosecution offered the following summary of the evidence it would have presented had the matter proceeded to trial: On the weekend of September 9, 2017, petitioner abducted his wife by detaining her in their house and not allowing her to leave. Petitioner and his wife were residents of the City of Norfolk at the time of the incident. After the proffer, petitioner acceded that the victim would have provided testimony consistent with the prosecution's description. See id. at pp. 47-49. The court then accepted petitioner's plea as knowing and voluntary, "with a full understanding of its import," see id., and sentenced petitioner to five years' incarceration with four years and eight months of that sentence suspended. See id. at pp. 52-53.

On August 20, 2020, petitioner filed a motion to withdraw his guilty plea. See id. at pp. 67-73. The trial court held a hearing on the motion on October 26, 2018, and determined that it was without jurisdiction to entertain the motion because more than twenty-one days had passed since the entry of judgment. See id. at pp. 30-36. Petitioner appealed the trial court's decision to the Court of Appeals of Virginia, which denied the petition for appeal, finding that the trial court's determination that it lacked jurisdiction was correct. See Record No. 2033-18-1.

Nearly a year later, on September 18, 2019, petitioner filed a petition for writ of habeas corpus in the state trial court. See Case No. CL19-9872-00. In that petition, he raised the following claims:

a) Petitioner's Alford plea was not knowing and voluntary because the court failed to advise petitioner he was waiving his right against compulsory self-incrimination, right to trial by jury, right to confrontation, in violation of the Fifth and Sixth Amendments;

b) Petitioner's Alford plea was not knowing and voluntary because the neither the court nor the plea agreement itself advised petitioner that the Department of Probation and Parole would impose an enhanced level of supervision based upon a previous conviction in Louisiana; and

c) Double Jeopardy: Petitioner was previously convicted of assault and battery of a family member for the same incident, which was a lesser-included offense of the offense of abduction and he was improperly convicted of both.

Id. at pp. 155-161.

The circuit court dismissed the petition on November 7, 2019, finding that the claims were barred because they could have been raised on direct appeal but were not. See id. at pp. 94-102. The court additionally found that, even if petitioner's claims were properly before it, those claims were not meritorious. Id. Petitioner appealed the decision to the Supreme Court of Virginia, which, on September 18, 2020, refused the petition, finding no error in the opinion of the circuit court. See Record No. 200478. Two months later, on November 18, 2020, petitioner signed his current federal habeas petition, in which he raises the same claims raised in his state habeas proceedings. [Dkt. No. 1].

## II

As previously stated, respondent contends that Watson-Buisson's petition is time-barred, procedurally defaulted, and otherwise without merit. For reasons explained below, the Court finds that petitioner's claims are indeed procedurally defaulted and that the state court's determination as to the merits of petitioner's claims was not (1) contrary to or an unreasonable application of clearly established federal law or (2) based on an unreasonable determination of the facts.[1]

---

[1] Respondent's argument that the petition is untimely merits brief discussion. Respondent asserts that petitioner's motion to withdraw his plea could not serve to toll the statute of limitations set forth in 28 U.S.C. § 2244 and that, even if it could, would not do so here because the motion was not properly filed. [Dkt. No. 15] at 6. But several courts, including Circuit Courts of Appeals, have suggested that a motion to withdraw a plea *could* serve to toll the statute of limitations for federal habeas actions. See, e.g., Nara v. Frank, 264 F.3d 310 (3d Cir 2001); Colbert v. Head, 146 F. App'x 340 (11th Cir. 2005). What's more, the fact that the trial court found it lacked jurisdiction to consider petitioner's withdrawal motion does not mean, per se, that the motion was not properly filed; petitioner claims, and respondent does not deny, that the motion was filed within the twenty-one day window in which a trial court may modify a final judgment. Because

3

A.  **Procedural Default**

   *1.  Standard*

Before a state prisoner may file a petition for a writ of habeas corpus in a federal court, the prisoner must first exhaust his claims in the state court system. 28 U.S.C. § 2254(b)(1)(A). Indeed, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, to exhaust state remedies, "a petitioner must present the same factual and legal claims raised in the [federal] petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F.Supp.2d 584, 587 (E.D. Va. 2006).

A successfully exhausted claim may nevertheless be deemed "procedurally defaulted" and barred from federal review if a state court denies that claim pursuant to an independent and adequate state law ground. See Harris v. Reed, 489 U.S. 255, 259 (1989). Federal habeas petitioners may overcome procedural bars and receive review of their claims through a showing of cause and prejudice, see Gray v. Netherland, 518 U.S. 152, 162 (1996), or actual innocence, see McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

   *2.  Analysis*

Citing Slayton v. Parrigan, 215 Va. 27, 29 (1974), the state habeas court found that each of petitioner's three claims were procedurally barred because petitioner failed to raise them during trial or on direct appeal. See Case No. CL19-9872-00 at p. 97. In Claims (a) and (b),

---

the Court cannot identify any binding precedent within the Fourth Circuit that explicitly states that a motion to withdraw does not constitute an "application for post-conviction or other collateral review," see 28 U.S.C. § 2244(d)(2), the Court declines to find that the instant petition is time-barred.

petitioner effectively argues that his plea colloquy was insufficient to put him on notice of several of the consequences of his guilty plea. [Dkt. No. 1]. Federal district courts and the Fourth Circuit have found Slayton to constitute an independent and adequate state law ground barring review of such a claim. See, e.g., Beck v. Angelone, 261 F.3d 377, 396 n.17 (4th Cir. 2001) (finding petitioner's claim regarding adequacy of trial court's plea colloquy properly barred by Slayton). The same is true of Claim (c), in which petitioner argues that he suffered a Double Jeopardy violation by virtue of being convicted of assault and battery and abduction based on the same conduct. See, e.g., Wilson v. Brown, No. 3:14cv768, 2015 WL 5560198, at *5 (E.D. Va. Sept. 18, 2015) (finding state court's invocation of Slayton barred review of petitioner's Double Jeopardy claim).[2]

Petitioner's opposition to the motion to dismiss does not contest respondent's procedural default arguments [see Dkt. No. 26], nor can the Court locate any information or argument

---

[2] A brief note regarding Slayton's adequacy as applied to Claim (c) is warranted. In Jones v. Sussex I State Prison, the Fourth Circuit addressed the adequacy of Slayton as applied to double jeopardy claims and Virginia's "incidental detention doctrine." See 591 F.3d 707 (4th Cir. 2010). The appeals court noted that the Supreme Court of Virginia "has indulged a more lenient pleading standard where the alleged error pertains to the incidental detention doctrine." Id. at 716. Because Jones had fairly presented his double jeopardy claim on direct appeal, and because the claim relied on the more lenient requirements of the "incidental detention doctrine," the Fourth Circuit held that the Commonwealth had not met its burden to show that Slayton was an "independent and adequate state procedural rule" barring petitioner's "atypical" double jeopardy claim. Id. at 710, 716–17.

The circumstances in Jones are not procedurally analogous to this case. Unlike the petitioner in Jones, Watson-Buisson did not raise his double jeopardy claim in any manner at trial or on direct appeal to the state supreme court; indeed, petitioner pled guilty, and apparently appealed only the denial of his motion to withdraw his plea, and that only to the state's intermediate court.

Courts consistently hold that, in circumstances procedurally analogous to this case, Slayton constitutes an independent and adequate state procedural rule. See, e.g., Bethea v. Dir., Dep't of Corr., No. 3:09cv613, 2011 WL 497896, at *4 (E.D. Va. Feb. 7, 2011) (holding that double jeopardy claim was procedurally defaulted pursuant to Slayton when petitioner, who pled guilty, failed to raise claim at trial or on direct appeal); Cudworth v. Dir., Dep't of Corr., No. 7:09cv373, 2010 WL 1030797, at *4 (W.D. Va. Mar. 15, 2010) (same); Scott v. Wheeler, No. 7:05cv57, 2005 WL 1388912, at *2 (W.D. Va. June 10, 2005) (same).

5

regarding cause and prejudice or actual innocence. Accordingly, it appears that petitioner's claims are procedurally barred and that this Court is thus barred from reviewing them.

**B.  Merits Review**

  *1.  Standard*

To obtain federal habeas relief, a state prisoner must demonstrate that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a federal court's authority to grant such relief. Pursuant to AEDPA, when a state court has addressed the merits of a claim raised in a subsequent federal habeas corpus petition, the reviewing federal court may not grant the petition on that particular claim unless the state court's adjudication was (1) contrary to or an unreasonable application of clearly established federal law or (2) was based on an unreasonable determination of the facts presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). The question, then, "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

A state court's decision is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). Meanwhile, a federal court should grant relief under the "unreasonable application" clause if it finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

In determining whether a state court's decision was based on an unreasonable determination of facts, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). "The Supreme Court has found state factual findings unreasonable under § 2254(d)(2) when the direction of the evidence, viewed cumulatively, was 'too powerful to conclude anything but [what the petitioner claims],' and when a state court's finding was 'clearly erroneous.'" Landers v. Warden, Atty. Gen. of Ala., 776 F.3d 1288, 1294 (11th Cir. 2015) (quoting Miller–El, 545 U.S. at 265).

2. *Analysis*

Even if petitioner's claims were not procedurally defaulted and barred from review, they would not entitle him to any relief, for the state court's merits analysis of petitioner's claims was not (1) contrary to or an unreasonable application of clearly established federal law or (2) based on an unreasonable determination of the facts presented at the state court proceeding.

    a. **Claim (a)**

As stated above, in Claim (a), petitioner argues that his plea was not knowing and intelligent because the sentencing court failed to orally advise petitioner he was waiving several of his rights by accepting that plea. [Dkt. No. 1]. Petitioner argues that the trial court did not determine this claim "on the merits" and that he is therefore entitled to de novo review.

The Court disagrees with petitioner's contention. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits." Harrington v. Richter, 562 U.S. 86, 99 (2011).

"The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citations omitted). Petitioner has not convinced the Court this is so. Although the state court admittedly found petitioner's claims procedurally barred, it found in the alternative that the claims lacked merit. See Case No. CL19-9872-00 at pp. 97-98. Indeed, the state habeas court assessed Claims (a) and (b) and found them to be refuted by the record. Id. at pp. 97-99. Petitioner's argument that the court's abbreviated treatment of the claim rendered the decision "not on the merits" is unconvincing; as the Supreme Court has stated, "[t]here is no text in [§ 2254(d)] requiring a [state court to provide] a statement of reasons" supporting its decision. Harrington, 562 U.S. at 98.

Additionally, a review of the record reveals that the trial court's determination of the facts was eminently reasonable. The transcript of the sentencing proceeding makes clear that petitioner stated under oath that he reviewed the document informing him about the rights he was waiving "at length" and that he stated he understood that document. See Case No. CR18-339-00 at pp. 42-53.

And the court's legal conclusion was neither contrary to nor an unreasonable application of federal law. Citing Anderson v. Warden, 222 Va. 511 (1981), the trial court held that petitioner was not entitled to controvert his sworn statements absent some compelling reason. See Case No. CL19-9872-00 at pp. 94-102. The Fourth Circuit has come to the same conclusion. See Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

To the extent petitioner believes that he is entitled to relief because the court did not specifically utter each and every right he would be waiving by pleading guilty, he is incorrect.

Indeed, the Fourth Circuit has stated that "we are aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a 'consequence,' within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted." Wade v. Coiner, 468 F.2d 1059, 1061 (4th Cir. 1972); see also United States v. Stewart, 977 F.2d 81, 84-85 (3d Cir. 1992) (collecting cases). Rather, the relevant inquiry is whether the circumstances surrounding the plea demonstrate that the defendant made a voluntary and intelligent choice among the alternative courses of action open to him. See North Carolina v. Alford, 400 U.S. 25, 31 (1970).

Here, although the plea judge did not explicitly identify every right petitioner was waiving by entering a guilty plea, a review of the plea colloquy and the totality of the circumstances reveal that plaintiff knowingly and intelligently entered his plea.

> THE COURT: If you don't understand the questions, just tell me, and I'll see if I can answer them for you.
>
> PETITIONER: All right.
>
> THE COURT: First of all, sir, have you had an opportunity to review this document which is entitled, Advice to Defendants Pleading Guilty?
>
> PETITIONER: Yes, I have, Your Honor.
>
> THE COURT: Did you read it?
>
> PETITIONER: Yes, at length.
>
> THE COURT: Did you understand it?
>
> PETITIONER: Yes. I do understand it.
>
> ...

| | |
|---|---|
| THE COURT: | In this case, you're pleading guilty not because you believe you are, in fact, guilty, but because the Commonwealth has substantial evidence of your guilt, and you do not wish risking going to trial, what's known as an Alford plea; is that correct? |
| PETITIONER: | Yes. It would be an Alford plea. |
| THE COURT: | All right. And the charge of abduction that you're pleading guilty to, do you know what the maximum possible punishment is for incarceration? |
| PETITIONER: | Ten years of incarceration. |

...

| | |
|---|---|
| THE COURT: | Mr. Watson-Buisson, are you on probation or parole? |
| PETITIONER: | No, I'm not. |
| THE COURT: | Do you understand if you were on probation or parole or had a suspended sentence in any jurisdiction, including Louisiana, that a conviction in this matter could result in a revocation of any suspended sentence you might have? |
| PETITIONER: | Yeah. I'm aware of that. |

...

| | |
|---|---|
| THE COURT: | Okay. And on page 3 of this Advice to Defendants Pleading Guilty Form, it talks about certain rights that you're giving up. You understood all of that? |
| PETITIONER: | Yes, I have. |

Case No. CR18-339-00 at pp. 42-53.

On this basis, the Court is satisfied that the state court's decision is entitled to deference. Cf. McBride v. Bryant, No. 8:12-cv-2895-RMG, 2013 WL 4500050, at *17 (D.S.C. Aug. 21, 2013) (finding petitioner not entitled to habeas relief where petitioner "confirmed during the colloquy that he understood the rights he was waiving and ... never indicated that he did not understand the proceedings or the implications of his guilty plea").

10

### b. Claim (b)

In Claim (b), petitioner argues that his Alford plea was not knowing and intelligent because the court failed to inform him of the "direct consequences" of his plea and that the Department of Probation and Parole could impose "sex offender conditions" to the terms of his probation. [Dkt. No. 1]. As was true of Claim (a), the state habeas court found this claim to be refuted by the record and without merit.

The trial court's determination of the facts was not unreasonable; the record makes clear that petitioner stated he understood that his plea could "carry a variety of ... consequences." See CR18-339-00 at pp. 81-84.

Nor was the trial court's legal conclusion contrary to or an unreasonable application of federal law. In denying Claim (b), the trial court rejected petitioner's characterization of his enhanced parole supervision as a "direct consequence" of his plea. Deeming the consequence "collateral" and finding that "[a] defendant need not be advised of the collateral consequences of a guilty plea," the court denied petitioner's claim. See Case No. CL19-9872-00 at p. 99. The court's statement that a criminal defendant need not be advised of collateral consequences of his plea is correct. See Brady v. United States, 397 U.S. 742, 755 (1970); see also Virsnieks v. Smith, 521 F.3d 707, 715 (7th Cir. 2008) ("[A]lthough a defendant must be informed of the direct consequences flowing from a [guilty] plea, he need not be informed of collateral consequences.")

So too was the court's characterization of petitioner's parole conditions as a "collateral consequence" an accurate determination. "Direct" consequences have "a definite, immediate, and largely automatic effect on the range of the defendant's punishment." Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364, 1366 (4th Cir. 1973). Meanwhile, a consequence is

"collateral" when it is uncertain or beyond the direct control of the court. Meyer v. Branker, 506 F.3d 358, 368 (4th Cir. 2007). Federal courts have routinely found the imposition of parole conditions and sex offender statuses to be collateral conditions. See, e.g., United States v. Ballard, 919 F.2d 255, 258 (5th Cir. 1990) (holding a court need not advise a defendant prior to accepting a guilty plea of the possible enhancing effect of a guilty plea on future sentences or of the effect a guilty plea will have on the defendant's good time credits or even of the possibility that a guilty plea will mandate the imposition of a mandatory special parole term), cert. denied, 499 U.S. 954 (1991); United States v. Posner, 865 F.2d 654, 660 (5th Cir. 1989) (holding a federal district court need not advise the defendant about his parole eligibility before accepting a guilty plea).

Accordingly, the Court finds that the state court determination is entitled to deference.

c. **Claim (c)**

In Claim (c), petitioner argues that his conviction violated the Constitution's Double Jeopardy Clause because he had previously been convicted in the Juvenile and Domestic Relations Court of assault and battery of a family member "for the same "use of force" incident" for which he was convicted of abduction. [Dkt. No. 1]. The state habeas court found that this claim was meritless, finding that "[d]ouble jeopardy does not preclude a person who has been convicted of assault from being convicted of abduction arising out of the same occurrence." See CL19-9872-00 at p. 100. Employing the test outlined in Blockburger v. United States, 284 U.S. 299 (1932), the trial court found that plaintiff's abduction conviction was valid, for "the offense of assault and that of abduction each required proof of a fact that the other did not." Id. Specifically, the court found that "[t]he assault required proof of an attempt or offer to do bodily harm through an unlawful show of force and violence," which abduction did not, while "[t]he

abduction required proof of an asportation or detention by force, intimidation, or deception," which assault did not. Id.

The conclusion that petitioner was not subjected to double jeopardy is correct and consistent with federal law. Under Blockburger, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304. When examining two statutes under Blockburger, a reviewing court must consider only the elements of the statutes and not the facts of the underlying case. United States v. Ayala, 601 F.3d 256, 264-65 (4th Cir. 2010).

On this basis, a recantation of the elements of the offenses with which petitioner was charged is a logical starting point. In Virginia, to prove assault, a prosecutor must show that the defendant attempted to commit a battery or intentionally placed a victim in apprehension that he would commit a battery against the victim. See Carter v. Commonwealth, 42 Va. App. Ct. 681, 688-89 (2004). Abduction, on the other hand, requires proof of asportation or detention by force, intimidation, or deception. See Va Code. § 18.2-47(A).

Petitioner appears to suggest that Blockburger should, for some reason, not apply in this case, but the cases he cites in support of his position either themselves invoke Blockburger or are plainly inapposite. He first raises Brown v. Ohio, 432 U.S. 161 (1977). As an initial matter, Brown is not analogous to petitioner's case, for in Brown, the defendant was prosecuted on two separate occasions.[3] Additionally, in Brown, the Supreme Court explicitly applied Blockbuster

---

[3] Contrarily, here, it appears that petitioner was convicted on a misdemeanor charge in Juvenile and Family Relations District Court, after which petitioner's abduction charge was certified to a grand jury. In Virginia, this constitutes a continuous prosecution. Cf. Phillips v. Commonwealth, 257 Va. 548, 553 (1999) ("The amenability of the misdemeanor charge to an early conclusion in the general district court did not result in a successive prosecution of the felony charge in the circuit court.").

13

and found the defendant was entitled to relief because "it [was] clearly not the case that each [statute] require[d] proof of a fact which the other [did] not." Brown, 432 U.S. at 169.

Petitioner also highlights Payne v. Virginia, 468 U.S. 1062 (1984), claiming that this case stands for the proposition that "a subsequent prosecution for a lessor offense [is] barred following prosecution for a greater offense." [Dkt. No. 26] at 16-17. Citing Harris v. Oklahoma, 433 U.S. 682 (1977), the Payne court stated only that "the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one" "*where conviction of a greater crime ... cannot be had without conviction of the lesser crime.*" Payne, 468 U.S. at 1062 (emphasis added). As has already been established, in Virginia, one can absolutely be convicted of abduction without being convicted of assault and battery. See, e.g., Epps v. Commonwealth, 66 Va. App. 393 (2016). Consequently, contrary to petitioner's apparent belief, Brown and Payne only reinforce the fact that the state court's reliance on Blockbuster—as well as its ultimate conclusion—was consistent with federal law and that petitioner is thus not entitled to relief.

For these reasons, the state court's determination is entitled to deference.

### III

For the reasons stated above, respondent's Motion to Dismiss [Dkt. No. 13] will be granted by an Order that will accompany this Memorandum Opinion.

Entered this 24th day of June 2021.

Alexandria, Virginia

Claude M. Hilton
United States District Judge